John R. Armstrong, Bar No. 183912
Horwitz, Cron & Armstrong, LLP
26475 Rancho Parkway South
Lake Forest, CA 92630
(949) 540-6540
(949) 540-6583 fax
jarmstrong@hcalaw.biz
Attorneys for plaintiff,
FITT Highway Products, Inc.,
f.k.a. Who's Your Daddy, Inc., a
California corporation

U.S. District Court

Southern District of California

| | |
|---|---|
| FITT Highway Products, Inc., formerly known as Who's Your Daddy, Inc., a Nevada corporation doing business in California,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>Sacks Motorsports, Inc., a Florida corporation; Does 1-10, inclusive,<br><br>　　　　　Defendants | Case No.: **'11CV2662 JLS  RBB**<br><br>Assigned to: Hon.<br>Dept.:<br><br>ADVERSARY COMPLAINT FOR DECLARATORY RELIEF TO ESTABLISH FOR SETOFF AND FULL OR PARTIAL SATISFACTION OF FLORDIA JUDGMENT DOMESTICATED IN THIS COURT; JURY TRIAL DEMANDED |

Plaintiff, FITT Highway Products, Inc. ("plaintiff" or "FITT"), is informed and believes, and so alleges as follows in support of its Complaint against defendant, Sacks Motorsports, Inc. ("defendant" or "Sacks Motorsports"):

**Jurisdiction and Venue**

1.　This court has jurisdiction over the subject matter of this Complaint because there is complete diversity of citizenship between

CIVIL COMPLAINT

- 1 -

plaintiff and defendant under Title 28 U.S.C. § 1332(a) in that the value of the declaratory relief sought is in excess of $1,000,000; this court also has jurisdiction under Title 28 U.S.C. § 1331 in that plaintiff is seeking relief from a judgment rendered in this court, which judgment arose under the laws of the United States. Additionally, this court has federal question jurisdiction under Title 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57.

2.  Venue is proper in this court in that plaintiff transacts business within this judicial district, and defendant domesticated its judgment in this court that was previously rendered in the federal district court in Florida; defendant further obtained a writ of execution from this court to enforce its domesticated judgment in Case Number 08 MC 446; and, since this court issued the judgment that plaintiff seeks declaratory relief from, this court is the proper court to hear and decide plaintiff's cause. Further, defendant Sacks Motorsports and defendants Does 1-10, inclusive, purposely availed themselves of this judicial forum by having Sacks Motorsport's Florida judgment domesticated here with this court.

**The Parties**

3.  Plaintiff is a Nevada corporation that does business in Orange and San Diego Counties in California, and is duly licensed to conduct its operations in California. Plaintiff formerly did business under the fictitious name "Who's Your Daddy, Inc." and changed its name to its present name, "FITT Highway Products, Inc."

4.  Defendant is and was at all times a Florida corporation. Defendant's corporate status is presently "inactive" and has been administratively dissolved by the State of Florida, and so is not allowed to prosecute or defend any action under Fl. St. Ann. § 607.1622(8) while its corporate status is "inactive."

CIVIL COMPLAINT

- 2 -

5. Defendants sued as Does 1-10 are sued by such fictitious names because plaintiff is presently unaware of the true names or capacities of such defendants, and will amend this Complaint upon ascertaining the true name and capacity of each such defendant who should be a party to this action.

6. On information and belief, all defendants and Greg Sacks are, and were at all relevant times, acting as the agent of one another within the course and scope of such agency, and further aided and abetted and so provided substantial assistance to one another to commit the wrongs plaintiff complains of in this Complaint; further, each defendant conspired with one another in committing the wrongs of complained of with full knowledge of the objective of the conspiracy to injury plaintiff's rights.

7. Further, at all relevant times, Greg Sacks and defendant Sacks Motorsports were the alter egos of one another, and so acted in concert so as to be jointly and severally liable for the wrongs complained of in this Complaint.

**Statement of Facts Giving Rise to this Complaint for Declaratory Relief**

8. On or about May 28, 2008, defendant Sacks Motorsports obtained a judgment against Plaintiff FITT in the U.S. District Court for the Middle District of Florida, and a true and correct copy of this Judgment and Order Confirming Defendant's Arbitration Award upon which the judgment is based are attached as Exhibit "A" to this Complaint and is incorporated by this reference.

9. On or about July 16. 2008, Anga M'Hak Publishing ("Anga") and Edward Raabe ("Raabe") assigned to plaintiff FITT (formerly known as "Who's Your Daddy") all of Raabe's and Anga's causes of action each had against defendant Sacks Motorsports, for which plaintiff gave such

CIVIL COMPLAINT

- 3 -

assignors valuable consideration. A true and correct copy of this assignment is attached to and incorporated by this reference as Exhibit "B."

10. On or about May 27, 2008, defendant Sacks Motorsports had its Florida judgment certified so that it could be filed in another federal court.

11. On or about August 20, 2008, defendant Sacks Motorsports had its Florida judgment filed in the U.S. District Court for the Southern District of California. A true and correct copy of this judgment is attached and incorporated here as Exhibit "C" to this Complaint.

12. After having defendant Sacks Motorsports' judgment filed with this court as alleged in paragraph 11 above, defendant had this court issue writs of execution to enforce its judgment in California against plaintiff. A true and correct copy of this court's docket in Case Number 3:08-MC-00446 is attached and incorporated here as Exhibit "D" to this Complaint.

13. Since defendant Sacks Motorsports seeks to have its judgment in enforced in California, under Federal Rule of Civil Procedure 69, California state law applies to the enforcement of such judgment to the extent not inconsistent with federal law.

14. In California, a judgment debtor may seek declaratory relief to reduce or eliminate the judgment debt by showing that claims against the judgment creditor have been assigned to the judgment debtor, which claims the judgment debtor may use to offset the enforceable amount of the judgment. See, e.g., *Highsmith v. Goldberg*, 44 Cal.2d 298, at 302-303, 281 P.2d 865, 868 (1955).

///

///

CIVIL COMPLAINT

- 4 -

### The Claims Assigned to Plaintiff in Offset

15. By way of background, Anga was and is at all times a private, common law Declaration of Trust under a contract dated July 13, 2000 and Raabe was and is Anga's trustee.

16. In 2004, Anga and Raabe initially invested $450,000 in Daytona Speed, Inc., a Florida corporation doing business at 6092 Sabal Creek Blvd., Port Orange, Florida 32128 ("Daytona"), and later invested another $287,000 in 2004-2005, for a total investment in Daytona of $737,000.

17. For Anga/Raabe's initial $450,000 investment in Daytona, they became 45% shareholders of Daytona's common stock regarding Daytona's issued and outstanding shares. A true and correct copy of the Contract and Stock Purchase Agreement is attached and incorporated by this reference as Exhibit "E."

### The Assigned Misappropriation of Corporate Opportunity Claim

18. Based on the above allegations, Greg Sacks and defendant Sacks Motorsports misappropriated corporate opportunities and assets belonging to Daytona, including, but not limited, the judgment defendant Sacks Motorsports obtained against plaintiff.

19. Based on Anga and Raabe's assignment in favor of plaintiff, plaintiff is and should be entitled to credit of at least 46% of defendant Sacks Motorsports' judgment under Anga/Raabe's stock purchase agreement, in that 10% of all sponsorships monies were due Anga and Raabe, plus an additional 36% of any sponsorships monies Greg Sacks obtained while an executive officer and an employee of Daytona (i.e., 45% of the 80% of all sponsorship monies Greg Sacks raised).

20. Greg Sacks, with the help and knowledge of defendant Sacks Motorsports, agreed to and carried Sacks and Sacks Motorsports

fraudulent plan to take and use all corporate opportunities and assets of Daytona and use the same for defendant Sacks Motorsports and Greg Sacks personal profit. Sacks and Sacks Motorsports carried out this plan tricking sponsors, including plaintiff, into sponsoring Sacks Motorsports, without the knowledge that defendant Sacks Motorsports, along Greg Sacks, were misappropriating corporate opportunities belonging to Daytona and were using Daytona's assets without Daytona's permission.

21. Or, alternatively, plaintiff is entitled to 45% of the judgment based on Anga and Raabe's 45% ownership in Daytona.

22. Further, plaintiff is entitled to an offset of corporate assets Greg Sacks and defendant Sacks Motorsports disposed of that plaintiff's assignors, Anga and Raabe, acquired a first lien on, which assets Greg Sacks and defendant Sacks Motorsports disposed of without notice to Anga, Raabe, or plaintiff.

### The Assigned Breach of Contract Claim

23. As part of the Contract and Stock Purchase Agreement, Anga/Raabe obtained a first priority lien on all equipment Daytona purchased, and "monies received from sponsors and winnings will be *immediately* divided according to the reimbursement plan, Exhibit 'B,' attached hereto, incorporated herein by reference as though set forth in its entirety." (Ex. "E," p. 2, ¶ 4.)

24. Exhibit "B" to attached Exhibit "C" provides the following reimbursements to Anga/Raabe:

    40% Team winnings paid to investors
    40% Team winnings paid to team
    20% Team winnings paid to driver
    10% Sponsorship paid to investors

CIVIL COMPLAINT

- 6 -

        80% Sponsorship paid to team

        10% Sponsorship paid to driver

At such time as capital investors are fully reimbursed, Team will receive 50% of Team winnings and 80% of Team sponsorship. Driver will receive 50% of Team winnings and 20% of Team sponsorship. Note: all profit sharing will be commensurate with ownership percentage.

25. Exhibit "C" defines the "Team" as "Daytona Speed, Inc., Greg Sacks, Edward William Raabe, Jr., Trustee for Anga M'hak Publishing, and James Wilsberg." (Ex. "C," p. 1, ¶ 1.)

26. All the equipment that defendant Sacks Motorsports used regarding its sponsorship deal with plaintiff Who's Your Daddy (now plaintiff FITT) was exclusively owned and belonged to Daytona, and that defendant Sacks Motorsports deprived Daytona of the use and benefits of this equipment was never disclosed to Anga or Raabe.

27. Greg Sacks, in his capacity as the chief executive officer and director of defendant Sacks Motor, and as the agent of defendant Sacks Motorsports, used defendant Sacks Motorsports to fraudulently misappropriate monies due Anga and Raabe under Exhibit "C," and further used defendant Sacks Motorsports to aid and assist in the conversion and unauthorized use of Daytona's personal property that Anga held a first lien on.

28. Defendant Sacks Motorsports, at all times conspired with and aided and abetted Greg Sacks in Sacks' breach of his express contractual obligations owed to Anga and Raabe. Such breaches include failing to share monies Sacks received from sponsors, winnings, etc.; selling off and disposing of all of Daytona's assets without proving the contractually-required notice to either Anga or Raabe so that Anga could sell Daytona's assets to offset its investment losses.

CIVIL COMPLAINT

29. Further, Greg Sacks agreed, under Paragraph 8 of the attached Stock Purchase Agreement to race for Daytona to induce Anga and Raabe to invest in Daytona and promised to split any monies received using the monies Anga and Raabe invested in Daytona, which monies were supposed to be used to purchase necessary assets, equipment, and services to enable Greg Sacks to race in NASCAR.

30. Instead, Greg Sacks failed to perform his contractual promises, and secretly used Anga and Raabe's investment monies to fund a competing corporation, defendant Sacks Motorsports, that Greg Sacks owned and controlled.

31. At all relevant times, Greg Sacks acted as the agent of defendant Sacks Motorsports in racing for Sacks Motorsports instead of for Daytona, using all of Daytona's assets and all the monies Anga and Raabe invested in Daytona to fund defendant Sacks Motorsports.

32. Defendants Sacks Motorsports assistance to and conspiring with Greg Sacks makes Sacks Motorsports jointly and severally liable with Greg Sacks for Greg Sacks' contract breaches and breaches of his fiduciary obligations owed to Anga and Raabe as Daytona's C.E.O. and Chairman of its Board of Directors.

33. The amount of damages caused jointly and severally by Greg Sacks and defendant Sacks Motorsports will be proved at trial, but is believed to be in excess of Sacks Motorsports' judgment against plaintiff.

### The Assigned Conversion Claim

34. Based on the above allegations, defendant Sacks Motorsports conspired with, aided and abetted, and knowingly provided substantial assistance to Greg Sacks in misappropriating Daytona's assets, which assets include all sponsorship monies and winnings defendant Sacks

Motorsports obtained using Daytona's assets, and all monies Sacks Motorsports and Greg Sacks obtained from disposing of all of Daytona's assets without notice to either Anga or Raabe, thereby preventing either of them from being able to take possession of such assets as authorized under the Anga/Raabe investment agreement and prevented Anga from being able to enforce its first lien on all of Daytona's assets.

35.   The exact amount of the damages for conversion will be proved at trial, however, such damages are believed to be in excess of the judgment debt, and further, defendant Sacks Motorsports so converted Anga/Raabe's personal property fraudulently and maliciously, so as entitle Anga and Raabe to recover punitive damages against defendant Sacks Motorsports in further offset of its judgment against plaintiff.

### The Assigned Common Law Fraud Claim

36.   Based on the allegations alleged above, defendant Sacks Motorsports conspired with, aided and abetted, and provided substantial assistance to Greg Sacks to defraud Anga and Raabe into investing in Daytona.

37.   Greg Sacks never intended to honor any of the representations made in the Daytona investment contract with Anga and Raabe, and intentionally concealed that, at all times, Sacks would be acting as the agent of and solely for the benefit of a competitor; namely, defendant Sacks Motorsports, which Greg Sacks owned and controlled.

38.   Greg Sacks, as the agent of and with assistance of defendant Sacks Motorsports, duped Anga and Raabe into investing over $700,000 into Daytona, which monies Greg Sacks used for defendant Sacks Motorsports; Greg Sacks failed to promote Daytona and instead promoted his competing company, defendant Sacks Motorsports, so he and defendant Sacks Motorsports could keep all the monies derived

from Greg Sacks racing without having to share any such monies with Anga and Raabe. Greg Sacks stopped trying to get sponsors for Daytona and instead promoted only his competing company, Sacks Motorsports, while having Sacks Motorsports use all of Daytona's valuable assets.

39.  For defendant Sacks Motorsports' and Greg Sacks' frauds, Anga and Raabe may recover from defendant Sacks Motorsports an amount greater than or at least equal to the full judgment debt against plaintiff.

40.  Further, for defendant Sacks Motorsports' knowing participation in Greg Sacks fraudulent scheme, FITT may recover punitive damages against defendant Sacks Motorsports in an amount sufficient to punish and deter defendant in further offset of defendant's judgment against plaintiff.

**The Assigned Federal and Florida State Securities Fraud Claims**

41.  Based on the allegations alleged above, plaintiff seeks a judicial declaration for an offset from defendant Sacks Motorsport's judgment based on the value of the assigned securities fraud claims that Anga and Raabe have against defendant Sacks Motorsports.

42.  Greg Sacks, as the duly authorized agent of defendant Sacks Motorsports, in connection with the purchase or sale of securities, made materially false statements and omitted material facts in that Greg Sacks never disclosed his secret intent that he would use Anga and Raabe's investment monies to fund a competing entity, namely, defendant Sacks Motorsports, would use Daytona's assets solely for defendant Sacks Motorsports' benefit, and would not perform the contractual promises made to Anga and Raabe to induce them to invest in Daytona.

43.  Greg Sacks, as defendant Sacks Motorsports agent, knowingly and intentionally made such false representations and intentionally

concealed that defendant Sacks Motorsports would get all the benefits of and from Anga and Raabe's investment in Daytona as Sacks and defendant Sacks Motorsports both motive and opportunity to induce Anga and Raabe to invest in Daytona while secretly embezzling these monies and Daytona's assets for the benefit of defendant Sacks Motorsports.

44.  Anga and Raabe relied on Greg Sacks' representations, were unaware, and, with reasonable diligence, could not have been aware that Greg Sacks at all times was acting as the agent of a competing corporation that was going to benefit from Anga and Raabe's investment while rendering Anga and Raabe's investment in Daytona valueless.

45.  Based on the above, FITT is entitled to a return of all monies invested in Daytona, including accrued interest, which monies, on information and belief, exceed $750,000, under Section 10(b) of the Securities Exchange Act of 1934 (Title 15 U.S.C. § 78r) and corresponding Rule 10b-5 promulgated by the Securities and Exchange Commission, and under Florida Statute Chapter 517.241, and so plaintiff is entitled to a judicial declaration against defendant Sacks Motorsports' judgment in an amount equal to Anga's and Raabe's right to return of their investment in Daytona.

## Plaintiff's Claim for Declaratory Relief

46.  Based on the allegations above, and the attached exhibits to this Complaint, plaintiff seeks such a judicial declaration under California law, under Title 28 U.S.C. 2201, and under Federal Rule of Civil Procedure 57 that defendant Sacks Motorsports' judgment is fully satisfied, or at least partially satisfied, by the doctrine of offset based on

the value of the claims that Anga and Raabe assigned to plaintiff for valuable consideration.

47. Because factual issues predominate, plaintiff requests trial by jury of its claims against defendant Sacks Motorsports.

### Request for Relief

48. Based on the facts alleged above, plaintiff seeks a judicial declaration that the value of the claims that Anga and Raabe assigned to plaintiff FITT are sufficient to extinguish the entire judgment debt plaintiff FITT owes to defendant Sacks Motorsports; or, alternatively, that the value of the assigned claims may partially credit the judgment up to the value of all of Anga and Raabe's claims against defendant Sacks Motorsports.

49. Plaintiff FITT further requests recovery of its costs and its reasonable attorney's fees, as may be recoverable at law or in equity;

50. Finally, plaintiff FITT requests such other and further relief as may be just and proper under the facts and circumstances supporting its claims against its judgment creditor, defendant Sacks Motorsports.

November 3, 2011

```
/s/ John Armstrong
```
John R. Armstrong,
Attorneys for plaintiff,
FITT Highway Products,
Inc. f.k.a. Who's Your
Daddy, Inc.

CIVIL COMPLAINT

- 12 -

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
FITT Highway Products, Inc., formerly known as Who's Your Daddy, Inc., a Nevada corporation doing business in California,

**(b)** County of Residence of First Listed Plaintiff: **Orange**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John R. Armstrong, Bar No. 183912, Horwitz, Cron & Armstrong, LLP, 26475 Rancho Parkway South, Lake Forest, CA 92630

## DEFENDANTS
Sacks Motorsports, Inc., a Florida corporation

County of Residence of First Listed Defendant: **Volusia County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**'11CV2662 JLS RBB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [x] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** / [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations / **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights / [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee | | |
| | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 USC, 2201 AND 28 USC section 1332 (a)
Brief description of cause:
Declaration relief for offset

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions:)
JUDGE
DOCKET NUMBER: 3:08-MC-00446

DATE: 11/15/2011
SIGNATURE OF ATTORNEY OF RECORD: /s/ John R Amrstrong

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.  (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.  Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.  Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.   Example:   U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.