# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FITT HIGHWAY PRODUCTS, INC., <br><br> Plaintiff, <br> vs. <br><br> SACKS MOTORSPORTS, INC.; DOES 1-10, inclusive, <br><br> Defendants. | CASE No. 11-CV-2662 JLS (RBB) <br><br> **ORDER: (1) DENYING *EX PARTE* MOTION TO APPEAR *PRO SE*; (2) ORDERING DEFENDANT CORPORATION TO OBTAIN COUNSEL; AND (3) CONTINUING HEARING ON MOTION FOR DEFAULT JUDGMENT** |

Presently before the Court are Plaintiff's motion for default judgment (ECF No. 8), and an *ex parte* motion by Greg Sacks to appear *pro se* on behalf of Defendant Corporation Sacks Motorsports, Inc. (ECF No. 16).

**BACKGROUND**

Greg Sacks ("Sacks") is a race car driver who founded and wholly owned and controlled a corporation named after himself, Defendant Sacks Motorsports, Inc. ("Defendant Corporation"), which is a Florida corporation that has been administratively dissolved by the state of Florida. Sacks also wholly owned and controlled at least one other Florida corporation, Daytona Speed, Inc. ("Daytona Speed"), also dissolved.

As the agent of Defendant Corporation, Sacks entered into an advertising sponsorship deal with Who's Your Daddy, Inc., a Nevada corporation that does business in California, now known as FITT Highway Products, Inc. ("Plaintiff"). The sponsorship deal became disputed, and arbitration proceedings commenced. Unhappy with the results, Plaintiff petitioned to vacate the arbitration award in the Middle District of Florida, which was denied, and judgment was rendered in Defendant Corporation's favor for the balance of the unpaid sponsorship contract on May 28, 2008. (Compl. ¶ 8, Ex. A; Mot. for Default Judgment 5.) On August 8, 2008, Defendant Corporation domesticated that judgment in the Southern District of California, in Case No. 08-mc-446. (Compl. ¶ 11, Ex. C.) A Writ of Execution was issued on August 22, 2008. (Compl. ¶ 12, Ex. D.) It seems Plaintiff seeks declaratory relief in the instant action to reduce or eliminate that debt by showing that claims against the judgment creditor (Defendant Corporation) have been assigned to the judgment debtor (Plaintiff). (Compl. ¶ 14.) Plaintiff asserts it may use those claims to offset the enforceable amount of the judgment. (*Id.*; citing *Highsmith v. Goldberg*, 44 Cal.2d 298, 302-03 (1955)).

The claim assignment to which Plaintiff refers occurred on July 16, 2008. (Compl. ¶ 9.) Plaintiff obtained an assignment from the Anga M'Hak Trust, a Florida trust ("Anga"), of all of its claims against Sacks and Defendant Corporation. (*Id.* at Ex. B; Mot. for Default Judgment 5.) These claims allegedly arise out of a 2004 agreement Sacks entered into with Anga on behalf of Daytona Speed. Pursuant to this agreement, Anga invested money for racing equipment, etc, in return for some varying percentage of winnings and sponsorship monies. (Compl. ¶ 15-17, Ex. E; Mot. for Default Judgment 5-6.) Anga also obtained a security interest in all the racing property and equipment used by Sacks/Daytona Speed. Apparently, he never shared any winnings with Anga as provided by the agreement, and he transferred all of Daytona Speed's assets, including those in which Anga had a security interest, to Defendant Corporation. (Mot. for Default Judgment 6.)

Plaintiff filed the instant action on November 16, 2011. Plaintiff, "standing in the shoes" of Anga, asserts several theories of liability against Defendant Corporation: (1) misappropriation of corporate opportunity; (2) breach of contract; (3) conversion; (4) common law fraud; and (5)

1  securities fraud under Federal and Florida state laws.  (*See* Compl. ¶¶ 18-45; Mot. for Default
2  Judgment 4.)  Based on the value of these claims, Plaintiff seeks a judicial declaration that
3  Defendant Corporation's 2008 judgment against it is fully satisfied, or at least partially satisfied,
4  by the doctrine of offset.  (Compl. ¶ 46.)  On December 20, 2011, Plaintiff requested entry of clerk
5  default against Defendant Corporation, which was entered on December 21.  (*See* ECF Nos. 3, 5.)
6  It seems Sacks, appearing *pro se* on behalf of Defendant Corporation, attempted to file an Answer
7  or Response to Plaintiff's Request for Entry of Default, but both were rejected for improper format
8  and because they lacked proof of service.  (*See* ECF Nos. 6, 7.)

9       On March 13, 2012, Plaintiff filed a Motion for Default Judgment.  Defendant Corporation
10  responded with an "Affidavit in Opposition to Plaintiff's Motion for Entry of Default Judgment,"
11  which again violated several local rules, but was accepted and filed nunc pro tunc on April 13,
12  2012.  (Aff. in Opp'n to Default Judgment, ECF No. 12.)  Plaintiff objected to this affidavit (Obj's
13  to Aff., ECF No. 13) and also replied (Reply ISO Default Judgment, ECF No. 14).  Sacks then sent
14  a letter to chambers, in an attempt to "advise the Court of certain circumstances regarding this case
15  and y (sic) appearance pro se."  The Court construed this letter as an *ex parte* motion to appear *pro*
16  *se* on behalf of Corporate Defendant, filed nunc pro tunc on April 25, 2012.  (Mot. to Appear, ECF
17  No. 16.)  Sacks states: "I have been advised by e-mail from Mr. Armstrong's firm (Plaintiff's
18  attorney) that the Court has not and will not read my submission in opposition to the Motion for a
19  Default and did not read my original Answer which is why they have moved for a default."
20  Plaintiff opposes the *ex parte* motion.  (Opp'n to Mot. to Appear, ECF No. 17.)

21                      **MOTION TO APPEAR *PRO SE***

22      Sacks argues that because Defendant Corporation was administratively dissolved, it "is no
23  longer a legal entity and I, as an individual, represent its interests as the sole shareholder and
24  assignee of its assets."  (Mot. to Appear.)  He requests to be allowed to appear *pro se*, either as an
25  individual representing the interests of Defendant Corporation "as the sole shareholder and
26  assignee of its assets," or, in the alternative, as "one of the 'Does'" against whom Plaintiff has
27  styled the action.  Sacks argues that Plaintiff has brought its action in this forum in a calculated
28  manner so that he would be unable to vigorously contest it, having been "financially drained" by

1 the breach underlying the 2008 judgment against Plaintiff.  He asks the Court to "consider my
2 timely Answer and my Affidavit in Opposition so that defenses to this action, which are
3 substantial and meritorious, can be considered."

4 Plaintiff correctly points out that corporations must be represented by an attorney and may
5 not appear *pro se* in any action.  (Opp'n to Mot. to Appear 2.)  Pursuant to Local Civil Rule
6 83.3(k) and federal common law, "[a] corporation may appear in federal court only through
7 licensed counsel."  *United States v. High Country Broad Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993);
8 *Zen Corp. v. New West Bus. Dev.*, 2004 WL 1055279, at *1 (C.D. Cal. May 5, 2004).   Although
9 the Ninth Circuit has not ruled precisely on the issue, courts in districts of California and in other
10 Circuits have held that this rule applies equally to dissolved corporations.  *See, e.g.*, *Talasila, Inc.
11 v. United States*, 240 F.3d 1064, 1066 (Fed. Cir. 2001) (sole shareholder of a dissolved
12 corporation, who was also the sole successor-in-interest to its assets, was not entitled to appear *pro
13 se* on the corporation's behalf); *Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Dist. Co.*, 748
14 F.2d 602, 609-610 (11th Cir. 1984) (same); *Zen Corp.*, 2004 WL 1055279 (C.D. Cal. May 5,
15 2004) (same; ordering corporate defendant to retain counsel).

16 **CONCLUSION**

17 So long as Defendant Corporation may properly be sued as an entity in this action, the
18 Court declines to create an exception to the rule requiring it to appear only through counsel.
19 Sacks has presented no authority to support a finding that Defendant Corporation is not a proper
20 party to this action or that he should be permitted to appear *pro se* on behalf of Defendant
21 Corporation, nor has he requested to be substituted for Defendant Corporation as a party.
22 Accordingly, the Court **DENIES** Sacks' ex parte motion to appear *pro se*, and **HEREBY**
23 **ORDERS** Sacks to obtain counsel to appear on behalf of Defendant Corporation Sacks
24 Motorsports, Inc., <u>within 30 days of the date this Order is electronically docketed</u>.  Defendant
25 Corporation is notified that failure to obtain counsel and have counsel file a notice of appearance
26 may result in the entry of default judgment against it.[1]  Further, the hearing on Plaintiff's motion

27

28 [1]*See also Consol. Cigar Corp. v. Monte Cristi de Tabacos*, 58 F.Supp.2d 188, 191 (S.D.N.Y.1999) (granting default judgment against defendant corporation after the corporation had failed to retain new counsel when previous counsel was permitted to withdraw); *R. Maganlal & Co.*

- 4 -                                                                                                                        11cv2662

for default judgment set for Thursday, May 3, 2012 is **HEREBY CONTINUED** to June 14, 2012 at 1:30 p.m. in Courtroom 6.

     **IT IS SO ORDERED**.

DATED: April 30, 2012

                                      *Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

*v. M.G. Chem. Co., Inc.*, 1996 WL 420234, at *3 (S.D.N.Y. July 25, 1996) (granting attorney's request to withdraw and notifying defendant corporation that "failure to retain new counsel may result in the entry of a default"); *Dianese, Inc. v. Pennsylvania*, 2002 WL 1340316, at *2 (E.D. Pa. June 19, 2002) (permitting withdrawal even though plaintiff corporation would go unrepresented, and still refusing to allow corporation to appear without counsel); *Grass Lake All Seasons Resort, Inc. v. United States*, 2005 WL 3447869, at *2 (E.D.Mich. Dec.15, 2005) (discussing how the Court had previously granted counsel for plaintiff corporation's request to withdraw without first requiring substitute counsel); *Carrico v. Village of Sugar Mountain*, 114 F. Supp. 2d 422, 424 (W.D.N.C.2000) (dismissing corporate plaintiff's claims after, in a previous ruling allowing plaintiff's counsel to withdraw); *Fed. Ins. Co. v. Yusen Air & Sea Servs.*, 2001 WL 498412, at *3 (S.D.N.Y. May 9, 2001) (permitting withdrawal even though no substitute counsel had been retained).

Case 3:11-cv-02662-JLS-RBB   Document 18   Filed 04/30/12   Page 6 of 6